IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Ronnie Williams,                    :
AIS #239426,                        :
                                    :
      Plaintiff,                    :
                                    :
vs.                                 :          CIVIL ACTION 15-436-WS-M
                                    :
Wanda Lightner, *et al.*,           :
                                    :
      Defendants.                   :


REPORT AND RECOMMENDATION

This action under 42 U.S.C. § 1983 brought by a Plaintiff proceeding *pro se* and *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for the screening of Plaintiff's, Ronald Vincent Williams', Complaint (Doc. 20) pursuant to 28 U.S.C. § 1915A.  After careful consideration of the record, it is recommended that this action be dismissed with regard to Defendants, Lightner and Travis, without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  It is further recommended that this action be transferred to the Middle District of Alabama with respect to the remaining Defendants.

PROCEDURAL BACKGROUND

Plaintiff, Ronnie Williams, is an Alabama Department of Corrections ("ADOC") inmate, currently serving a twenty year sentence at the Easterling Correctional Facility. Plaintiff filed his Complaint (Doc. 1) on August 28, 2015, alleging violations of his constitutional rights under § 1983.  Based upon a review of Plaintiff's Complaint and because Plaintiff filed multiple other pleadings subsequent to the filing of his Complaint which appeared to set forth additional defendants and additional constitutional violations, this Court ordered Plaintiff to file one cohesive amended complaint.  (Doc. 17).  Therein, Plaintiff was specifically instructed that his Amended Complaint would supersede his initial Complaint and that it must contain a "short plain statement" with factual support. (*Id*. at 4-5).  Plaintiff was additionally instructed that if he named as Defendants, individuals outside of the Southern District of Alabama, that his action against those individuals would be transferred to the appropriate district.  (*Id*. at 4).

On December 30, 2015, Plaintiff filed an Amended Complaint (Doc. 20) on the Court's form for a § 1983 action as ordered.  Therein, Plaintiff named as Defendants, Wanda Lightner, (Mobile Work Center), Lt. Travis, (Mobile Work

Center), Kevin Genous, (Classification Specialist at Kilby Corrections Intake Facility), Bridgett Tyler, (Classification Specialist at Kilby Corrections Intake Facility), and Walter Myers, (Warden of Easterling Correctional Facility).[1]  Of the named Defendants, Kevin Genous, Bridgett Tyler, and Walter Myers are all located in the Middle District of Alabama and the violations allegedly committed by these Defendants took place in the Middle District (at Easterling Correctional Facility). Furthermore, Plaintiff remains incarcerated at Easterling Correctional Facility in the Middle District of Alabama. Therefore, Plaintiff's action with regard to those Defendants should be litigated, if necessary, in the Middle District of Alabama, and it is recommended that this action be transferred to the same.[2]

---

[1] Plaintiff additionally references as "defendants" four more individuals, i.e., Willie Maiben (Detective for Prichard Police Department), Jill Phillips (Assist. District Attorney), Travis Grant (Assist. District Attorney) and Carter Davenport (Warden). However, the Complaint form explicitly states "[t]he persons who are listed as Defendants in section III of the complaint are deem by the Court to be the *only* defendants to this action."  (Doc. 20 at p.1)(emphasis added). Because Plaintiff did not list the above individuals in section III of his Amended Complaint, they will not be considered as Defendants in this action.

[2] "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  Furthermore, 28 U.S.C. §

FACTUAL BACKGROUND

Plaintiff's Amended Complaint remains confusing. Nevertheless, when read in total, it appears that Plaintiff's Complaint rests on one alleged action, i.e. his being misidentified as another inmate (also named Ronnie Williams). With regard to the only Defendants over which this Court has proper venue, Wanda Lightner and Lieutenant Travis, Plaintiff asserts that he was improperly placed in detention by Defendant Lightner in retaliation for his making multiple complaints relating to his misidentification and, that while in detention, his personal belongings were taken by Defendant Travis.  More specifically, Plaintiff states that Defendant Lightner "did give order to have Plaintiff Williams placed in detention and transferred falsely in retaliation 6.9-10-2014 (sic)." (Doc. 20 at p. 4). Plaintiff contends this detention was the result of Plaintiff's "many complaints placed before concerning his identity and her misrepresentation of his identity."  (Id).  According to Plaintiff, on October, 28, 2013, and December 1, 2013, Ms. Lightner stated to him "I (sic) he wont (sic) to stay near home he need to keep his

---

1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

mouth close (sic)." (Id).  With regard to Defendant Travis,
Plaintiff contends that Mr. Travis "stated that Ms.
Lightner gave order to lock Plaintiff up in detention and
to remove all items from the from the (sic) Plaintiff
personal locker box within (sic) he being not present."
(Id).  Plaintiff asserts that Mr. Travis removed documents
belonging to Plaintiff that prove Plaintiff's true
identity, i.e. copies of Plaintiff's birth certificate and
Social Security card. (Id).

Standard of Review

Under § 1915(e)(2)(B)(ii), a complaint may be
dismissed for failure to state a claim upon which relief
may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490
(11th Cir. 1997).  To avoid dismissal for failure to state
a claim upon which relief can be granted, the allegations
must show plausibility.  *Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929
(2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable
for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S.
662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
That is, "[f]actual allegations must be enough to raise a
right to relief above the speculative level" and must be a

5

"'plain statement' possess[ing] enough heft to 'sho[w] that
the pleader is entitled to relief.'" *Twombly*, 550 U.S. at
555, 557, 127 S. Ct. at 1965, 1966 (second brackets in
original).  But "[t]hreadbare recitals of the elements of a
cause of action, supported by mere conclusory statements,
do not suffice." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at
1949.

When considering a *pro se* litigant's allegations, a
court gives them a liberal construction holding them to a
more lenient standard than those of an attorney.  *Haines v.
Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30
L.Ed.2d 652 (1972).  The court, however, does not have
"license . . . to rewrite an otherwise deficient pleading
[by a *pro se* litigant] in order to sustain an action."  *GJR
Investments v. County of Escambia, Fla.,* 132 F.3d 1359,
1369 (11th Cir. 1998), *overruled on other grounds by
Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010)
(relying on *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937).
Furthermore, the court treats as true factual allegations,
but it does not treat as true conclusory assertions or a
recitation of a cause of action's elements.  *Iqbal*, 566
U.S. at 681, 129 S. Ct. at 1951.

Discussion

A. Defendant Lightner

6

This Court understands Plaintiff's allegations against Defendant Lightner to be a claim of retaliation.  It is well established that inmates are protected by the First Amendment from retaliation by prison officials for filing lawsuits or administrative grievances.  *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir.1986); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.1997). "To state a first amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech," id., with a practice that is "not reasonably related to legitimate penological objectives" or take certain actions "with the intent of chilling that First Amendment right." *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995), *citing Turner v. Safley*, 82 U.S. 78, 85-89 (1987).

"To state a retaliation claim cognizable under § 1983, a prisoner must demonstrate that (i) he engaged in a constitutionally protected activity, (ii) he suffered adverse treatment simultaneously with or subsequent to such activity, and (iii) a causal connection existed between the protected activity and the adverse action." *Flynn v. Scott*,

2006 WL 1236718, *5 (M.D. Ala. 2006) (*citing Donnellon v.*

*Fruehauf Corp.*, 794 F.2d598, 600-01 (11th Cir. 1986);

*Farrow v. West*, 320 F.3d 1235, 1248(11th Cir. 2003)).

> An inmate has the initial burden of establishing
> a prima facie case of unlawful retaliation by a
> preponderance of the evidence, which once
> established raises a presumption that prison
> officials retaliated against the inmate. . . .
> Merely alleging the ultimate fact of retaliation,
> however, is insufficient. . . . Additionally,
> conclusory allegations are insufficient to
> demonstrate the existence of each element
> requisite to demonstration of a retaliation
> claim. . . .

*Flynn*, 2006 WL 1236718 at 5-6 (citations omitted). A

prisoner "must allege facts showing that the allegedly

retaliatory conduct would not have occurred but for the

retaliatory motive." *Hempstead v. Carter*, 2006 WL 2092383,

*5-6 (N.D. Fla. 2006) (emphasis added) (*citing Jackson v.*

*Fair*, 846 F.2d 811, 820 (1st Cir. 1988)). "[A] causal

connection may be alleged by a chronology of events that

create a plausible inference of retaliation. Id. (*citing*

*Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988)).

However, "[t]he relevant showing . . . must be more than

the prisoner's 'personal belief that he is the victim of

retaliation.'" Id. (*citing Johnson v. Rodriguez*, 110 F.3d

299, 310 (5th Cir. 1997)). The prisoner must present with

more than "general attacks" upon a defendant's motivations

and must produce "affirmative evidence" of retaliation from

which a jury could find that plaintiff had carried his burden of proving the requisite motive. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (citations omitted). While a plaintiff may not be held to a heightened burden of proof, see *id*. at 580-86 (holding that in retaliation claim prisoner could not be required to show "clear and convincing" evidence of defendant's unconstitutional motives), courts should approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions of prison officials and "the ease with which claims of retaliation may be fabricated." *Dawes v. Walker*, 239 F.3d 489, 491 (2nd Cir. 2001), overruled in part on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

Plaintiff's Complaint does not provide any factual details relating to his claim against Defendant Lightner, beyond the allegation that she "did give order to have Plaintiff Williams placed in detention and transferred falsely in retaliation 6.9-10-2014 (sic)." (Doc. 20 at p. 4).[3]  Plaintiff alleges that his detention and transfer was

---

[3] To the extent that Plaintiff's claim against Defendant Lightner is also read to mean that Defendant Lightner ordered Defendant Travis to take Plaintiff's personal property in retaliation for his alleged complaints, then that claim too, fails as a matter of law as not causally related, based on the reasoning above and herein, below.

in retaliation for him making numerous complaints relating to his identity or misidentification.  However, there are no facts from which a causal link between Plaintiff's complaints and his detention and/or transfer could be formed.  Instead, Plaintiff simply states conclusively, that Defendant Lightner's actions were retaliatory. Specifically, there are no facts to show when Plaintiff's complaints were made, to whom, or the nature of his complaints and Plaintiff failed to present any documents which would support his allegation.  There are, likewise, no facts which show when Plaintiff was placed in detention and/or transferred or whether it was before or after his complaints were made to Defendant Lightner.  Furthermore, there is no indication that the detention and transfer were the result of Plaintiff's complaints other than Plaintiff's conclusory opinion.  As a result, the Court finds no causal connection between Plaintiff's complaints relating to his alleged misidentification and his being placed in detention or transferred. Because Plaintiff cannot prove a necessary element of his alleged constitutional claim, his complaint fails to state a claim upon which relief could be granted with regard to Defendant Lightner.

B.   Defendant Travis

Plaintiff contends that Mr. Travis placed Plaintiff in detention and removed documents belonging to Plaintiff that prove Plaintiff's true identity, i.e. copies of Plaintiff's birth certificate and Social Security card. (Id. at p. 4). While, Plaintiff did not specify what constitutional rights Mr. Travis allegedly violated, this Court reads Plaintiff's allegation to assert a deprivation of property claim.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). However, in a § 1983 action, the taking of property only violates the Constitution when it is done without due process of law. *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The Supreme Court held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). Some

11

postdeprivation remedies that have satisfied due process are administrative procedures, *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981) Parratt, 451 U.S. at 543-44, or ordinary state tort litigation procedures. *Hudson,* 468 U.S. at 535-36; *see Dawson v. City of Montgomery,* 2008 U.S. Dist. LEXIS 19833, 2008 WL 659800 (M.D.Ala. Mar.6, 2008) (unpublished) (finding that Alabama's conversion statute, Alabama Code § 6-5-260 (1975), is an adequate postdeprivation remedy); *Milton v. Espey,* 356 So.2d 1201 (Ala.1978); ALA. CODE § 6-5-262 (1975). Additionally, loss of property claims resulting from Alabama state agencies or their employees may be presented for compensation to the Alabama Board of Adjustment pursuant to Alabama Code §§ 41-9-60, *et seq. See Johnson v. Patterson*, 2014 WL 4771738 (S.D. Ala. Sept. 24, 2014).

Because, in the present action, there is an alternative post deprivation state remedy, Plaintiff's claim that Defendant Travis violated his due process rights by taking his personal property, whether such was the result of negligence or an intentional act, is due to be dismissed for failure to state a claim upon which relief can be granted.

Furthermore, to the extent that Plaintiff's Complaint against Defendant Travis is liberally construed to assert that Plaintiff was placed in detention or that his property was allegedly confiscated in retaliation for his making numerous complaints relating to his identity, dismissal is still warranted.  Like with Defendant Lightner, Plaintiff has provided no facts which would allow this Court to conclude that the actions of Defendant Travis are related to Plaintiff's complaints relating to his identity.  More specifically, Plaintiff has not stated what specific complaints were made to either Defendant Lightner or Travis, when they were made, on what grounds they were made, or how such complaints resulted in his being placed in detention or his property being taken by Defendant Travis.  Plaintiff has also failed to indicate whether the property allegedly taken by Defendant Travis was destroyed or otherwise not returned.  Therefore, no conclusion can be drawn that Plaintiff's detention or the taking of his personal property by one Defendant (Travis) at some point after a complaint was made to another Defendant (Lightner) were causally related.  As a result, Plaintiff has, again, failed to state a claim upon which relief may be granted.

CONCLUSION

13

After careful consideration of the record, it is recommended that this action be dismissed with regard to Defendants, Wanda Lightner and Lieutenant Travis, without prejudice prior to service of process pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii).  It is further recommended that this action be transferred to the Middle District  of Alabama with respect to the remaining Defendants.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may

review on appeal for plain error if necessary in the
interests of justice."  11th Cir. R. 3-1.  In order to be
specific, an objection must identify the specific finding
or recommendation to which objection is made, state the
basis for the objection, and specify the place in the
Magistrate Judge's report and recommendation where the
disputed determination is found. An objection that merely
incorporates by reference or refers to the briefing before
the Magistrate Judge is not specific.

DONE this 1st day of February, 2016.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE